THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**JUL 09 2020**

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 2:20cr26KS-MTP

WADE ASHLEY WALTERS

## **AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **WADE ASHLEY WALTERS** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), agree that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1.      The Defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2.      The Defendant agrees, the following assets (hereinafter the "**Subject Property**"):

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park*, 2:18-cv-165-KS-MTP | Asset Description |
|---|---|---|
| A1 | A-009 | $1,192.91 seized from The First account number 15001878, an account in the name of P3 in a Pod, LLC |
| A2 | A-125 | $123,443.70 seized from WFB account number 5750593864, an account in the name of Co-conspirator 5. |
| A3 | N/A | $1.5 million traceable to the sale of 505 Blair Branch Road, Walland, Tennessee, held in escrow. |
| A4 | A-002 | $138,775.22 seized from The First account number 15002454, an account in the name IPMSI Holdings, LLC, Series C. |
| A5 | A-004 | $448,586.98 seized from Regions account number 19560052, an account in the name of Wade Walters Consulting, Inc. |
| A6 | A-005 | $330,496.54 seized from Regions account number 150249398, an account in the name of Wade Walters Consulting, Inc. |
| A7 | A-008 | $1,905,238.23 seized from Regions account number 19528418, an account in the name of Wade Ashley Walters & Co-conspirator 5. |
| A8 | A-011 | $529,197.81 seized from Regions account number 49648314, an account in the name of Performance Accounts Receivable, LLC. |
| A9 | A-012 | $227,230.38 seized from Regions account number 92435203, an account in the name of Prime Care Revenue Management, LLC. |
| A10 | A-013 | $82,300.22 seized from Regions account number 133606447, an account in the name of Prime Care Management Group. |
| A11 | A-014 | $153,179.87 seized from Regions account number 51174243, an account in the name of Performance Capital Leasing, LLC. |
| A12 | A-025 | $4,794,772.12 seized from Regions account number 150249401, an account in the name of DWWW, LLC. |
| A13 | A-033 | $490,088.62 seized from NY Life IA, account number N-29-035270, an account in the name of IPMSI Holdings LLC, Series C. |
| A14 | A-037 | $4.27 seized from NY Life IA L36-001519-1, an account in the name of IPMSI Holdings, LLC, Series C. |

| A15 | A-038 | $1.64 seized from NY Life IA L36-001505, an account in the name of DWWW, LLC. |
| A16 | A-041 | $3.74 seized from NY Life IA L36-004902, an account in the name of AF QP, LLC. |
| A17 | A-042 | $3.74 seized from NY Life IA L36-004886, an account in the name of HH QP, LLC. |
| A18 | A-043 | $2.65 seized from NY Life IA L36-004903, an account in the name of TW QP, LLC. |
| A19 | A-052 | $1,032,087.95 seized from Regions account number 150249266, an account in the name of Performance Aviation, LLC. |
| A20 | A-055 | $351,813.23 seized from Magnolia account number 8601072, an account in the name of Walters Holdings, LLC. |
| A21 | A-069 | $86,947.21 seized from NY Life IA L36-001520, an account in the name of IPMSI Holdings, LLC, Series C. |
| A22 | A-070 | $252,494.53 seized from NY Life IA L36-001522, an account in the name of IPMSI Holdings, LLC, Series C. |
| A23 | A-071 | $253,583.04 seized from NY Life IA L36-001523, an account in the name of IPMSI Holdings, LLC, Series C. |
| A24 | A-072 | $101,163.26 seized from NY Life IA L36-001524, an account in the name of IPMSI Holdings, LLC, Series C. |
| A25 | A-073 | $121,303.16 seized from NY Life IA L36-001525, an account in the name of IPMSI Holdings, LLC, Series C. |
| A26 | A-074 | $452,428.97 seized from NY Life IA L36-001507, an account in the name of DWWW, LLC. |
| A27 | A-075 | $462,486.98 seized from NY Life IA L36-001508, an account in the name of DWWW, LLC. |
| A28 | A-076 | $364,053.84 seized from NY Life IA L36-001509, an account in the name of DWWW, LLC. |
| A29 | A-077 | $230,845.15 seized from NY Life IA L36-001510, an account in the name of DWWW, LLC. |
| A30 | A-078 | $310,871.22 seized from NY Life IA L36-001511, an account in the name of DWWW, LLC. |
| A31 | A-087 | $5,404,498.13 seized from NY Life IA L36-004625, an account in the name of WW QP Holdings, LLC. |
| A32 | A-088 | $98,508.21 seized from NY Life IA L36-004909, an account in the name of AF QP, LLC. |
| A33 | A-089 | $260,787.87 seized from NY Life IA L36-004911, an account in the name of AF QP, LLC. |
| A34 | A-090 | $264,477.75 seized from NY Life IA L36-004908, an account in the name of AF QP, LLC. |
| A35 | A-091 | $335,549.69 seized from NY Life IA L36-004906, an account in the name of AF QP, LLC. |
| A36 | A-099 | $98,528.45 seized from NY Life IA L36-004884, an account in the name of HH QP, LLC. |

| A37 | A-100 | $260,783.37 seized from NY Life IA L36-004885, an account in the name of HH QP, LLC. |
| A38 | A-101 | $264,445.11 seized from NY Life IA L36-004883, an account in the name of HH QP, LLC. |
| A39 | A-102 | $335,341.33 seized from NY Life IA L36-004882, an account in the name of HH QP, LLC. |
| A40 | A-103 | $97,330.21 seized from NY Life IA L36-004912, an account in the name of TW QP, LLC. |
| A41 | A-104 | $124,422.79 seized from NY Life IA L36-004910, an account in the name of TW QP, LLC. |
| A42 | A-105 | $160,851.73 seized from NY Life IA L36-004913, an account in the name of TW QP, LLC. |
| A43 | A-106 | $250,094.30 seized from NY Life IA L36-004907, an account in the name of TW QP, LLC. |
| A44 | A-114 | $980,011.25 seized from NY Life IA L36-004616, an account in the name of DW QP Holdings, LLC. |
| A45 | A-127 | $318,629.67 seized from NY Life IA L36-004617, an account in the name of DW QP Holdings, LLC. |
| A46 | A-128 | $2,019,937.34 seized from NY Life IA L36-004620, an account in the name of DW QP Holdings, LLC. |
| A47 | A-129 | $1,002,839.27 seized from NY Life IA L36-004622, an account in the name of DW QP Holdings, LLC. |
| A48 | A-130 | $318,511.03 seized from NY Life IA L36-004626, an account in the name of DW QP Holdings, LLC. |
| A49 | A-131 | $742,348.48 seized from NY Life IA L36-004627, an account in the name of DW QP Holdings, LLC. |
| A50 | A-149 | $1,233,232.13 seized from Regions account number 185909629, an account held in the name of Wade Walters Consulting, Inc. |
| B1 | B-001 | 2015 Super Air Nautique G23-23.00' Boat with Hull ID CTC54385C515 and Vessel #FlO630PX and a 2015 Tilt Tandem Trailer with VIN 5A7BB2321FT000422, with all attachments thereon, registered to Wade Ashley Walters. |
| B2 | B-002 | 2013 Mercedes Benz G550, VIN WDCYC3HF9DX212259, Tag MS LMF592, with all attachments thereon, registered to Wade Walters Consulting, Inc. |
| B3 | B-003 | 2015 Ford F-150, VIN 1FTEW1EF3FFA26041, Tag MS LM5522, with all attachments thereon, registered to Walters Consulting, Inc. |
| B4 | B-005 | 2015 Mercedes Benz SL 400, VIN WDDJK6FA0FF035487, with all attachments thereon, registered to Wade Walters Consulting, Inc. |
| B5 | B-006 | 2015 Mercedes Benz GL 550, VIN 4JGDF7DE0FA567032, Tag MS LML552, with all |

| | | |
|---|---|---|
| | | attachments thereon, registered to Wade Walters Consulting, Inc. |
| B6 | B-016 | Cirrus Design Corporation Aircraft Model SR22T, fixed-wing, single-engine aircraft, with tail number N729DW and serial number 0714, registered to Performance Aviation, LLC. |
| C2 | C-003 | Parcel 088-18007, Tallahatchie County, MS, titled to Wade Ashley Walters. |
| | | Legally described as: <br><br> Real property located in Tallahatchie County, Mississippi, more particularly described as: <br><br> Parcel No. 088-18007 <br><br> S ½ of SW ¼ of Section 18 – T24-R2E, containing 80 acres more or less being located in the First Judicial District of Tallahatchie County, Mississippi. |
| C3 | C-004 | Parcel 088-19006, Tallahatchie County, MS, titled to Wade Ashley Walters. |
| | | Legally described as: <br><br> Real property located in Tallahatchie County, Mississippi, more particularly described as: <br><br> Parcel No. 088-19006 <br><br> 77 acres in the South Half of the Northwest Quarter (less part off the end) of Section 19, Township 24 North, Range 2 East. |
| C4 | C-005 | Parcel 088-19007, Tallahatchie County, MS, titled to Wade Ashley Walters. |
| | | Legally described as: <br><br> Real property located in Tallahatchie County, Mississippi, more particularly described as: <br><br> Parcel No. 088-19007 <br><br> N ½ of NW ¼ and N 10 acres of S ½ of NW ¼, all located in Section 19, Township 24, Range 2 East. <br> 97 acres |
| C5 | C-006 | Parcel 088-19002, Tallahatchie County, MS, titled to Wade Walters Consulting Inc. |
| | | Legally described as: |

| | | |
|---|---|---|
| | | Real property located in Tallahatchie County, Mississippi, more particularly described as:<br><br>Parcel No. 088-19002<br><br>The Southwest Quarter of the Northeast Quarter and the Northwest Quarter of the Southeast Quarter of section 19, Township 24 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi.   Being 86 acres, more or less. |
| C6 | C-012 | 80 Sandy Creek Dr., Santa Rosa Beach, Walton County, Florida, titled to Wade Ashley Walters & Co-conspirator 5. |
| | | Legally described as:<br><br>Real property located at 80 Sandy Creek Drive, Santa Rosa Beach, Walton County, Florida, more particularly described as:<br><br>Parcel No. 15-3S-19-25419-000-0170<br><br>Lot 17, Sandy Creek at WaterColor, according to the map or plat thereof, as recorded in Plat Book 15, Page(s) 57 through 57B, inclusive, of the Public Records of Walton County, Florida. |
| C7 | C-019 | Parcel 101Q-12-053.001 (Bocage Ct.) Hattiesburg, Lamar County, MS, titled to Wade Ashley Walters, and Co-conspirator 5. |
| | | Legally described as:<br><br>Real property located at Bocage Court, Hattiesburg, Lamar County, Mississippi (Corner of Lot 13 Canebrake Golf Community), more particularly described as:<br><br>Parcel No. 101Q-12-053.001<br><br>A parcel of land being part of Lot 13 of Canebrake Golf Community, Brake GE, Lamar County, Mississippi, said parcel more particularly described as follows:<br><br>Begin at the Southeast corner of Lot 12 of said Canebrake Golf Community, Brake GE Subdivision; thence run South 87 degrees 33 minutes 12 seconds West for 59.35 feet to the East lot line of said Lot 13; thence North 04 degrees 47 minutes 49 seconds West along said East line for 22.99 feet to the Northeast corner of said Lot 13; thence run South 70 degrees 26 minutes 41 seconds West along the |

| | | |
|---|---|---|
| | | North lot line of said Lot 13 for 60.89 feet back to the Point of Beginning.   Said parcel contains 0.02 acres more or less; together with all improvements thereon and appurtenances thereunto belonging. |
| C8 | C-023 | $496,810.82, held in escrow, in lieu of Parcels 054-26002, 054-26003, 054-26004, Tallahatchie County, MS, titled to DWWW, LLC and BPCK Nichols, LLC. |
| | | Legally described as: |
| | | Real property located in Tallahatchie County, Mississippi, more particularly described as: |
| | | Parcel Nos. 054-26002, 054-26003, 054-26004 |
| | | TRACT ONE<br>Sectional lots 8, 9, 10, 11 and 12 (being the South Half situated South and West of O'Possum Bayou) of Section 26, Township 25 North, Range 1 West, Second Judicial District of Tallahatchie County, MS BUT, |
| | | SUBJECT TO a right of way, 10 feet wide, adjacent to the South right of way of a County Road, by Lula Mae Hicks in favor of Brazil-Sumner Water Association, Inc. per instrument filed for record April 7, 1980, and recorded in Book 221, at Page 254, in the Offices of the Chancery Clerk of said County. |
| | | TRACT TWO<br>4.34 acres located in Northwest ¼ of the Southeast Section 26, Township 25 North, Range 1 West, Second Judicial District, Tallahatchie County, Mississippi. |
| C9 | C-048 | 532 Farmside Lane, Unit #14, Walland, Blount County, Tennessee, further described in Exhibit #1, titled to B.T., Trustee for Wade Ashley Walters and Co-conspirator 5's Irrevocable Trust. |
| | | Legally described as: |
| | | Those certain premises comprising a portion of the project known as BLACKBERRY FARMSIDE, A CONDOMINIUM, situated in the Eighteenth (18th) Civil District of Blount County, Tennessee, such project having been established as a condominium by Declaration of Condominium for Blackberry Farmside, A Condominium dated as of August 5, 2013, of record in Record Book 2367, Page 215, as amended by Amendment to Declaration of Condominium of Blackberry Farmside, A |

Condominium dated as of March 31, 2014, of record in Record Book 2384, page 2290, as amended by Amendment to Declaration of Condominium of Blackberry Farmside, A Condominium dated as of March 19, 2015, of record in Record Book 2411, page 2757, as amended by that Amendment to Declaration of Condominium of Blackberry Farmside, A Condominium dated as of September 17, 2015, of record in Record Book 2427, page 1922, and as amended by that Amendment to Declaration of Condominium of Blackberry Farmside, A Condominium dated as of November 20, 2015, of record in Record Book 2433, page 2695, all in the Register of Deeds Office for Blount County, Tennessee (collectively, the "Declaration of Condominium"), pursuant to the provisions of the Tennessee Condominium Act of 2008 (Tennessee Code Annotated Sections 66-27-201, et seq.),as amended, the premises being more particularly described as follows:

1.      Unit #14, located at 532 Farmside Lane, Walland, Tennessee 37886, such Unit being shown on the condominium plat that is attached as Exhibit "C" to the aforesaid Declaration of Condominium (as plat is amended by schedules to the aforesaid Amendments to Declaration of Condominium);

2.      Together with an undivided interest in the Common Elements of the project as described in the Declaration of Condominium.

TOGETHER WITH AND SUBJECT TO THE RIGHTS OF OTHERS in the non-exclusive easements for ingress and egress described in the Declaration of Joint Permanent Easements dated May 12,2004, of record in Record Book 2017, page 1715, in the Blount County Register of Deeds Office, as amended by Amendment of Declaration of Joint Permanent Easement dated June 11, 2010, of record in Record Book 2265, Page 2858, in the Blount County Register of Deeds Office; and with the corresponding right of use of Joe Pye Lane as shown on the plats of record in Map File 303IB and Map File 2790B in tl1e Blount County Register of Deeds Office. Also see Amendment to Declaration of Covenants and Restrictions for Singing Brook at Blackberry Farm dated July I, 2013, of record in Record Book 3267, page 191 in the Blount County Register of Deeds Office, relating to said non-exclusive access rights.

| | | |
|---|---|---|
| | | ALSO TOGETHER WITH AND SUBJECT TO THE RIGHTS OF OTHERS in the nonexclusive easements for ingress and egress, for utilities and for other matters described in that Easement Declaration dated November 20, 2015, of record in   Record Book 2433, Page 2748, in the Blount County Register of Deeds Office.<br><br>BEING part of the same property conveyed Blackberry Development Company by Warranty Deed dated November 20, 2015, of record in Record Book 2433 ,Page 2691, in the Register of Deeds Office for Blount County, Tennessee, Being the same property conveyed to Brad Trussell, Trustee for The Wade And Dorothy Walters Irrevocable Trust dated October 12, 2015 from Blackberry Development Company by Unit Deed dated November 23, 2015, of record in Record Book 2433, page 2762, in the Blount Register of Deeds Office. |
| C10 | C-049 | Parcel 082-063.06 (17.65 Acres) on Wolf Creek Road, Walland, Blount County, Tennessee, titled to B.T., Trustee for Wade Ashley Walters and Co-conspirator 5's Irrevocable Trust. |
| | | Legally described as:<br><br>SITUATED In District No. Eighteen (18) of Blount County, Tennessee, and being more particularly described as follows:<br><br>TRACT I:<br><br>BEGINNING at an iron pin found in the edge of Hearon Road, being 1200 ft., more or less, to Millers Cove Road; thence with the line of N. Hearon N. 24-25 W. 365.37 ft., to an Iron rod set at a fence line; thence N. 89-02 E. 73.32 ft. to a point; thence s. 24-26 E. 394.05 ft. to a point in the edge of Hearon Road; thence with the edge of Hearon Road N. 20-34 E. 28.28 ft. to the point of BEGINNING, and being a strip of land to be used for a right of way for Ingress and egress to Tract II described herein and containing 0.17 acres, more or less.<br><br>TRACT II:<br><br>BEGINNING at an Iron rod set at a fence line, said Iron rod being located N. 24-26 W. |

| | | |
|---|---|---|
| | | 365.37 ft. from an Iron pin found in the edge of Hearon Road; thence from said Iron rod set a fence line with the line of N. Hearon N. 24-17 W. 1,078.20 ft. to a found stone on ridge, corner to Braun; thence with the line of A. Braun S. 54-38 W. 740.84 ft. to an Iron rod; thence with the line of A. Braun S. 05-36 E. 372.90 ft. to a found stone on the west bank of the stream; thence continuing with the line of A. Braun s.05-26 E. 471.07 ft. to an Iron rod set at a 34 inch poplar at an old fence line, corner to the remaining lands of M. E. Keener North 66-09 East 663.06 ft. to an Iron rod; thence continuing with the remaining lands of M. E. Keener North 74-33 East 166.25ft. to an Iron rod; thence continuing with the lands of M. E. Keener South 77-51 East 130.38 ft. to an iron rod; thence continuing with the remaining lands of M. E. Keener North 89-02 East 73.32 ft. to the iron rod at the point of BEGINNING at a fence line, and containing 17.48 acres, more or less, as per survey of Richard H. Everett, dated September 24, 1981, Registered Land surveyor, Tennessee No. 862.<br><br>BEING the same property conveyed to Robert Gordon Thompson, II by Quit Claim Deed from Nancy Carolyn McLemore Thompson, dated 04/03/1993, recorded 04/05/1993, in Book 548, Page 330, In the Registers Office for Blount County, Tennessee.<br><br>Commonly known as: Wolf Creek Road, Walland, TN 37886<br><br>Designated as Tax ID: 082-063.06 |
| C11 | C-050 | 19 Crane Park, Hattiesburg, Lamar County, MS, titled to Wade Ashley Walters and Co-conspirator 5. |
| | | Legally described as:<br><br>Real property located at 19 Crane Park, Hattiesburg, Lamar County, Mississippi, more particularly described as:<br><br>Parcel No. 101G-01-055.000<br><br>Lot 20 of Canebrake, Brake "TT-1", First Revision, a Subdivision of the County of Lamar, State of Mississippi, as per the map or plat thereof on file and of record in the office of the Chancery Clerk of Lamar County, Mississippi, at Plat Book 2, Page 95, Slide A-160 together |

with all improvements thereon and appurtenances thereunto belonging.

Subject to prior reservations of oil, gas and other minerals by former owners.

Taxes for the year 2004 shall be pro-rated as of the date of this instrument and assumed by the Grantee.   It is specifically agreed and understood that taxes for the current year are pro-rated based upon the previous years taxes.

Subject to those certain Subdivision Regulations adopted by the Board of Supervisors of Lamar County of record in Minute Book 59 at Page 202 and amended in Minute Book 82 at Page 282 and amended in Minute Book 112 at Page 144 and amended further in Minute Book 112 at Page 290 in the office of the Chancery Clerk of Lamar County, Mississippi.

Subject to that certain Declaration of Covenants, Conditions and Restrictions for Canebrake Subdivision from Bennett V. York to The Public, dated December 17, 1985 and of record in Book 7-T at Page 380 in the office of the Chancery Clerk of Lamar County, Mississippi; said Covenants have been amended and of record in Book 9-I at Page 141 in the office of the Chancery Clerk of Lamar County, Mississippi; said Covenants have been supplemented and of record in Book 8-C at Page 108 in the office of the Chancery Clerk of Lamar County, Mississippi; said Covenants have been supplemented and recorded in Book 11-G at Page 16 in the office of the Chancery Clerk of Lamar County, Mississippi.

Subject to that certain Corrected Waiver and Release of First Right of Refusal to Bennett V. York, dated May 11, 1992 and of record in Book 10-C at Page 528 in the office of the Chancery Clerk of Lamar County, Mississippi.

Subject to that certain Shared Use Agreement from Canebrake Owners Association, Inc. to Canebrake Golf Community Association, Inc., dated October 4, 1996 and recorded in Book 12-M at Page 667 and I.D. Book 1 at Page 217 and amended in Book 12-Q at Page 365 and I.D. Book 1 at Page 233, second amendment dated December 20, 1999 recorded in Book 14-G at Page 678 and I.D. Book

| | | |
|---|---|---|
| | | 1 at Page 275, and dated January 15, 1997 recorded in Book 14-G at Page 662 and I.D. Book 1 at Page 259 in the office of the Chancery Clerk of Lamar County, Mississippi.<br><br>Subject to that certain Easement from Bennett V. York to Pearl River Valley Electric Power Association, dated October 14, 1985 and filed for record in Book 7-S at Page 394 in the office of the Chancery Clerk of Lamar County, Mississippi.<br><br>Subject to that certain Easement from Bennett V. York to Pearl River Valley Electric Power Association, dated October 11, 1993 and filed for record in Book 10-V at Page 432 in the office of the Chancery Clerk of Lamar County, Mississippi.<br><br>Subject to that certain Easement from Bennett V. York to Pearl River Valley Electric Power Association, dated August 9, 1994 and filed for record in Book 11-G at Page 175 in the office of the Chancery Clerk of Lamar County, Mississippi. |
| C13 | C-007 | Parcel 098-3401201 Tallahatchie County, MS, titled to Walters Holdings LLC. |
| | | Legally described as:<br><br>Real property located in Tallahatchie County, Mississippi, more particularly described as:<br><br>Parcel No. 098-3401201<br><br>Part of the SE ¼ of the SE ¼, part of the SW ¼ of the SE ¼, part of the NE ¼ of the SE ¼, and part of the NW ¼ of the SE ¼, all in Section 34, Township 24 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi, more particularly described as follows:<br><br>Beginning at a found iron pipe at the southeast corner of said Section 34; proceed thence S 89 degrees 56'53" W 1568.49 feet to a set iron pin at a fence corner on the west side of a creek or ditch; thence along said fence on the west side of said ditch as follows, N 03 degrees 00'00" E 548.98 feet, N 05 degrees 07'02" E 566.27 feet, N 05 degrees 39'18" E 669.71 feet, N 05 degrees 39'25" E 533.81 feet, N 01 degrees 33'51" E 325.05 feet to a set iron pin on the north line of the SE ¼ of said Section 34; thence East |

| | | |
|---|---|---|
| | | 795.28 feet to a set iron pin in the center of the old Poplar Springs Road; thence along the center of said old road to set iron pins as follows, S 16 degrees 19'16" E 150.38 feet, S 15 degrees 41'24" E 228.74 feet, S 35 degrees 23'13" E 167.55 feet, S 54 degrees 03'21" E 49.64 feet, S 34 degrees 16'20" E 97.17 feet, S 32 degrees 21'54" E 242.29 feet, S 59 degrees 20'11" E 126.71 feet, N 87 degrees 10'06" E 31.78 feet to a set iron pin on the east line of said Section 34; thence away from said old road South 1755.12 feet to the Point of Beginning, containing 81.18 acres, more or less.<br><br>EASEMENT DESCRIPTION<br>Part of the NW ¼ of the SE ¼ of Section 34, Township 24 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi, more particularly described as follows:<br><br>A 60 feet right of way, with 30 feet lying either side of a centerline described as beginning at a point in the center of a field road, said point being on the east right of way of Mississippi Highway 35, also being 1813.5 feet west and 2589.9 feet north of a found iron pipe at the southeast corner of said Section 34; proceed thence along said center line as follows, S 78 degrees 26'44" E 46.77 feet, N 88 degrees 59'44" E 74.11 feet, N 88 degrees 55'11" E 68.91 feet, N 85 degrees 20'08" E 63.91 feet, N 80 degrees 18'58" E 54.07 feet, N 84 degrees 57'36" E 44.37 feet, S 82 degrees 24'33" E 39.35 feet, S 57 degrees 13'31" E 71.94 feet to the end of said easement. |
| C18 | C-051 | Parcel 088-19003, Tallahatchie County, MS titled to TWQP, LLC. |
| | | Legally described as:<br><br>Real property located in Tallahatchie County, Mississippi, more particularly described as:<br><br>Parcel No. 088-19003<br><br>The East Half of the Southeast Quarter and the Southwest Quarter of the Southeast Quarter of Section 19, Township 24 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi, being 130 acres, more or less, together with irrigation well located thereon.<br>SUBJECT TO |

| | | |
|---|---|---|
| | | an easement to Tallahatchie County, Mississippi, for cleaning of ditch dated October 16, 1998, and recorded in Book 421 at Page 437. |
| C19 | N/A | 175 Poplar Springs Road, Cascilla, Tallahatchie County, MS, titled to Wade Walters and Co-conspirator 5's Irrevocable Trust. |
| | | Legally described as:<br><br>Real property located in Tallahatchie County, Mississippi, more particularly described as:<br><br>TRACT I:<br>All that part of W ½ of NE ¼ of Section 2, Township 23, Range 2 East lying North and East of the old Cascilla-Paynes Public Road, via of the Denman Hill, in Beat #3 of said County and being the land purchased by the (previous) Grantors herein from A.A. Murphree by deed recorded in Book 180 page 66 of the Deed Records of said County;<br><br>TRACT II:<br>Northeast Quarter of Northeast Quarter (NE ¼ of NE ¼) of Section 2, Township 23, Range 2 East and Southeast Quarter of Southeast Quarter (SE ¼ of SE ¼) of Section 35; Southwest Quarter of Southwest Quarter (SW ¼ of SW ¼) of Section 36, in Township 24, Range 2 East;<br><br>TRACT III<br>All that part of the SW ¼ of the NW ¼ lying North of the Cascilla and Denman Public Road, and all of that part of the NW ¼ of the SW ¼ that lies North of the Cascilla and Denman Hill Public Road, containing 1 acre, more or less; all in Section 1, Township 23 North, Range 2 East.<br><br>TRACT IV<br>Northwest Quarter of Northwest Quarter (NW ¼ of NW ¼) of Section1, Township 23 North, Range 2 East.<br>It is the intention of the grantor to covey the property designated by the following tax assessor parcel numbers: 12001013: 12001014: 12001015: 12002001: 09735003: 09736005<br>LESS AND EXCEPT:<br>Exception 1:<br>Beginning at the Southwest corner of the Southwest Quarter of the Northwest Quarter of Section 1, Township 23 North, Range 2 East, run thence 3.5 chains to the North right of way of the "Cascilla-Denman Hill" Road, thence |

run Northeasterly along said road r/o/w 2.5 chains to a point, this being the point of beginning of the parcel to be conveyed; thence run North 6.0 chains to a point; thence run East 8.4 chains; run thence South 2.0 chains, more or less, to aforesaid road r/o/w; thence run Southwesterly along said road r/o/w   9.0 chains, more or less, to the point of the beginning, and being a Lot in the SW ¼ of the NW ¼   of Section 1, Township 23 North, Range 2 East: Reference: Warranty Deed dated January 14, 1972, recorded in Book 272 page 445

Exception 2:
Begin at the Southwest corner of the Northwest quarter of Section 1, Township 23 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi, thence East 200 feet; thence South 42 feet to the road; thence Southwest along road 272 feet; thence North 100 feet to the point of beginning, containing 1 acre, more or less, in the Southwest Quarter of Section 1 Township 23 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi
Reference: Warranty Deed dated November 30, 2005, recorded in Book 483 page 229

TRACT V:
All that part of the Northeast Quarter of the Southeast Quarter of Section 34, Township 24, Range 2 East, that lies North and East of Poplar Springs gravel road, being Five (5) acres, more or less.   Being in the First Judicial District, Tallahatchie County, Mississippi.

TRACT VI:
The West Half (W ½): and the Northeast Quarter (NE ¼) ; and the West Half of the Southeast Quarter of Section 35, Township 24 North, Range 2 East, First Judicial District, Tallahatchie County, Mississippi.
Less and Except a water storage easement to Ascalmore Drg. District recorded in Book 215, page 94, land deed records, First Judicial District, Tallahatchie County, Mississippi.
Also less and except the Poplar Springs Cemetery.

TRACT VII
The Northeast Quarter of the Southeast Quarter, Section 35, Township 24, North Range 2 East, First Judicial District, Tallahatchie County, Mississippi.

| C20 | N/A | Two parcels titled to IPMSI Holdings, LLC Series C in Tallahatchie County, MS. |
|-----|-----|---|
| | | Legally described as:<br><br>Real property located in Tallahatchie County, Mississippi, more particularly described as:<br><br>The Northwest Quarter of the Northwest Quarter of Section 2 and the Northeast Quarter of the Northeast Quarter and that part of the Northwest Quarter of the Northeast Quarter lying East of the Swan Lake Lambert Cut-Off or branch of the Yazoo and Mississippi Valley Railroad, of Section 3; all being in Township 24 North, Range 1 West.<br>LESS AND EXCEPT: The Northernmost 4.2676 acres of the above description. |
| | | A money judgment in an amount to be determined by the court of at least $50 million, representing the amount obtained by the Defendant, directly or indirectly, from the offenses of conviction. |

constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the health care offense charged in the Information, or were involved in the money laundering offense charged in the Information. *See* Information, ECF No. 1. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(a)(7), and 28 U.S.C. § 2461(c). All monies realized by the Government as a result of the forfeiture of the **Subject Property**, minus any costs expended in recovering, maintaining, storing, and selling said property, shall be credited to the Defendant's forfeiture money judgment.

3. The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject Property** at, and as a part of, the sentencing proceeding. The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The

Defendant and his attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

4.      The Defendant and his attorney further agree that the Defendant will cooperate with the United States to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property, and that the United States may immediately begin the seizure of assets to be forfeited as substitute property to satisfy the forfeiture money judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.      That the Defendant shall and hereby does forfeit to the United States, any and all interest he has in the **Subject Property**.

b.      The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the above described property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(a)(7), and 28 U.S.C. § 2461(c), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offense.

c.      The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d.      The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.   The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.   Fed. R. Crim. P.

32.2(c)(1).

e.  Any person, other than the above-named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing [or before sentencing if the Defendant consents] and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g.  Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

h.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

i.  The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the

AGREED:

D. MICHAEL HURST, JR.
United States Attorney


_____          _____7/9/2020_____
Kathlyn Van Buskirk                Date
Assistant United States Attorney


_____          _____7/9/2020_____
Sara Porter                        Date
Trial Attorney
United States Department of Justice
Fraud Section, Criminal Division


_____          _____7/9/2020_____
Stephanie Williamson               Date
Trial Attorney
United States Department of Justice
Money Laundering and Asset Recovery Section,
   Criminal Division


_____          _____7-9-20_____
Wade Ashley Walters                Date
Defendant


_____          _____7/9/20_____
Joe M. Hollomon                    Date
Attorney for Defendant


20